

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00933-CV

**IN THE INTEREST OF G.I.P., ET AL.**

From the 131st Judicial District Court, Bexar County, Texas
Trial Court No. 2017-PA-02526
Honorable Charles E. Montemayor, Judge Presiding

Opinion by:  Irene Rios, Justice

Sitting:    Patricia O. Alvarez, Justice
            Irene Rios, Justice
            Liza A. Rodriguez, Justice

Delivered and Filed: May 1, 2019

MOTION TO WITHDRAW DENIED; AFFIRMED

Appellant Mother appeals the trial court's order terminating her parental rights to her children, George and Charles. The Texas Department of Family and Protective Services ("the Department") filed this suit, seeking termination of the parent-child relationship between the children and Mother.[1] After a bench trial, the court found five independent grounds[2] to terminate

---

[1] To protect the identity of minor children in an appeal from an order terminating parental rights, we refer to the mother as "Mother" and the children by alias. We refer to the children, G.I.P. and C.V. as "George" and "Charles." *See* Tex. Fam. Code Ann. § 109.002(d); Tex. R. App. P. 9.8(b)(2).

[2] Specifically, the trial court found evidence Mother

> engaged in conduct or knowingly placed the children with persons who engaged in conduct which endangers the physical or emotional well-being of the children,[;] … constructively abandoned the children[;] … failed to comply with the provisions of a court order[;] … used a controlled substance … in a manner that endangered the health or safety of the children, and (1) failed to complete a court-ordered substance abuse treatment program[,] or (2) after completion of a court-ordered substance abuse treatment program continued to abuse a controlled substance,[;] … [and] been the

Mother's rights and found that termination was in George's and Charles's best interest. The trial court signed a termination order and designated the Department to be the children's permanent managing conservator. Mother timely appealed the trial court's order.

Appellant's court-appointed appellate attorney filed a brief in which she concluded there are no non-frivolous issues to be raised on appeal. *See Anders v. California*, 386 U.S. 738 (1967); *In re P.M.*, 520 S.W.3d 24, 27 n.10 (Tex. 2016) (stating that *Anders* procedures protect indigent parents' statutory right to counsel on appeal in parental rights termination cases and apply in those cases). Counsel certified that she sent Mother a copy of the brief and a letter advising Mother of her rights to review the record and to file a pro se brief. Counsel also provided Mother a form to use to request access to the record. In addition, counsel filed a motion to withdraw. This court issued an order which set deadlines for Mother to request access to the record and to file a pro se brief and abating counsel's motion to withdraw. Mother did not request access to the appellate record or file a pro se brief.

We have thoroughly reviewed the record and counsel's *Anders* brief. The record establishes by clear and convincing evidence at least one of the grounds for termination and that termination is in George's and Charles's best interest. *See* TEX. FAM. CODE § 161.001; *In re J.O.A.*, 283 S.W.3d 336, 344-45 (Tex. 2009); *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003). Upon a thorough review of the record, we conclude the evidence is legally and factually sufficient to support the termination order and there are no other arguably meritorious grounds for appeal. Therefore, we affirm the trial court's termination order.

---

cause of the children being born addicted to alcohol or a controlled substance, other than a controlled substance legally obtained by prescription … [.]

*See* TEX. FAM. CODE ANN. § 161.001(b)(1)(E), (N), (O), (P), (R).

Counsel filed a motion to withdraw in conjunction with her *Anders* brief. We deny counsel's motion to withdraw because it does not assert any ground for withdrawal apart from counsel's conclusion that the appeal is frivolous. *See In re P.M.*, 520 S.W.3d at 27; *In re A.M.*, 495 S.W.3d 573, 583 (Tex. App.—Houston [1st Dist.] 2016, pet. denied). Counsel's duty to her client extends through the exhaustion or waiver of all appeals, including the filing of a petition for review in the Texas Supreme Court. *See* TEX. FAM. CODE § 107.016(3); *In re P.M.*, 520 S.W.3d at 27. After this court has rendered its decision, appointed counsel's obligations to her client may be met by filing a petition for review that satisfies the standards for an *Anders* brief. *In re P.M.*, 520 S.W.3d at 27-28 & n.14.

Irene Rios, Justice